UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelvin J. Miles, #45410-007, | ) C/A No.: 2:13-721-RBH-BHH |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden, Federal Correctional Institute, Estill, South Carolina, | ) |
| Respondent. | ) |

Petitioner, Kelvin J. Miles, proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate at FCI-Estill which is located in the state of South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

## **BACKGROUND OF THIS CASE**

Petitioner challenges a 1981 sentence handed down by the Superior Court of the District of Columbia for first degree burglary and assault with intent to rape. Petitioner alleges he was misidentified, claiming that "weeks after [the] crime a dark skinned male was positively identified, testified against Petitioner, whom (sic) is light skinned." (ECF No. 1, p.7). Plaintiff alleges he was denied due process when, on August 20, 1979, D.C. authorities lodged a detainer against him. He claims a "writ" was filed on 9-17-79 and on 10-9-79. He seems to imply there was a line-up, and he was not identified. He believes the

1

"complaints, charges were to be dismissed with prejudiced (sic) - before returned to sending state." *Id.*

In his prayer for relief, Petitioner claims he was "prejudiced by both court decisions and ask this court to order respondent to show cause within 3 days why he is still illegally incarcerated in violation of his due process rights and equal protection of the laws, and [he] asks this court to grant all available relief from imprisonment or he would be prejudiced if denied."

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), as "frivolous").

a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Additionally, the mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a *federal* conviction was through a petition for a writ of habeas corpus

3

pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases).

"[T]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Dumornay v. United States*, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994) citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "[was] as broad as that of habeas corpus 'it supplant[ed] habeas corpus, unless it [was] shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Dumornay*, *supra, citing Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963).

A federal prisoner who is challenging a conviction and sentence from the Superior Court for the District of Columbia, such as the Petitioner in this action, must seek collateral review of their convictions pursuant to D.C. Code § 23–110, which states:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23–110(a).

Section 23–110(g) prohibits a prisoner convicted in the D .C. Superior Court from pursuing federal habeas relief if such prisoner has "failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See D.C.

Code § 23–110(g). Thus, federal courts generally lack jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D .C. Superior Court. *See Swain v. Pressley*, 430 U.S. 372, 377–78 (1977) (finding that § 23–110 divests federal courts of jurisdiction over such claims absent a showing that § 23–110 is inadequate or ineffective); *Mobley v. Superior Court of the District of Columbia*, No. 87–6502, 1988 WL 4640 (4th Cir. Jan.14, 1988) (prisoner challenging D.C. Superior Court conviction "precluded from any further habeas relief unless he shows that relief under § 23–110 is inadequate or ineffective to test the legality of his detention").

Although § 23–110 expressly prohibits a prisoner from challenging a D.C. Superior Court conviction and sentence via a federal habeas petition, § 23–110 does contain a "savings clause," which allows a prisoner to challenge the validity of a D.C. Superior Court conviction under § 2241, if the prisoner can demonstrate that § 23–110 is "inadequate or ineffective to test the legality of his detention." In this respect, the language of § 23–110 is comparable to the language of 28 U.S.C. § 2255(e). *See Swain*, 430 U.S. at 377–78; *U.S. v. Hurt*, 946 F.2d 887 (Table), 1991 WL 197403 (4th Cir. Oct. 7, 1991) (D.C. Code § 23–110 is the District of Columbia's equivalent to 28 U.S.C. § 2255).

To invoke the savings clause, a petitioner must provide evidence showing that an otherwise available remedy is inadequate or ineffective, and that such insufficiency entitles the prisoner to proceed under the savings clause. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979) (in § 2255 context); *In re Eidson*, No. 97–691, 1997 WL 712857 (4th Cir. Nov.17, 1997)(same). Further, to gain recourse in a federal court, a prisoner cannot simply rely on an unsuccessful attempt to obtain relief under § 23–110 as a basis for employing the savings clause. *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.1986). Thus, for

prisoners convicted in the D.C. Superior Court, D.C. Code § 23-110 is, in effect, "the functional equivalent of 28 U.S.C. § 2255." *Jackson v. Rios*, No. 7:08-CV-114-KKC, 2008 WL 3154617, at *3 (W.D. Ky. Aug. 5, 2008).

In contrast, those individuals convicted of *state* crimes typically seek habeas relief pursuant to 28 U.S.C. §2254. Section 2254, however, is not available to persons convicted in the Superior Court for the District of Columbia because the District of Columbia is not a State. *See Butler v. Huibregtse*, No. 10-cv-0128-bbc, 2010 WL 1288729, at *1 n. 1 (D. Wis. Mar. 26, 2010) ("Although the District of Columbia's local court system is analogous to those in the states, the district is not technically a 'state.'"); *Cf. Boling v. Rivera*, No. 4:10-2957-CMC-TER, 2011 WL 6182124, at *3 (D.S.C. Dec. 13, 2011)(for "purposes of federal habeas corpus law, convictions in the District of Columbia Superior Court for offenses under the District of Columbia Criminal code are considered 'state convictions[,]'" *quoting Nash v. Wendt*, 2008 WL 4646336, at *2 (N.D.W.Va. 2008)); *Spencer v. U.S.*, 806 F.Supp.2d 209, 212 (acknowledging conflict on whether D.C. Superior Court prisoners are "state prisoners").

In any event, Congress has provided prisoners incarcerated pursuant to a Superior Court sentence with a local remedy in District of Columbia Code § 23–110. This section provides that prisoners may collaterally challenge the legality of their sentence directly in the Superior Court and, if they are unsuccessful there, by appeal to the D.C. Court of Appeals. *See Garris v. Lindsay*, 794 F.2d 722, 725 (D.C. Cir. 1986). The court of appeals has further declared that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Id.* Section 23–110 has been found to be adequate and effective because it is

6

coextensive with habeas corpus. *See id.; Swain v. Pressley*, 430 U.S. 372 (1977).

In the instant action, Petitioner does not allege that he attempted to have his D.C. Superior Court conviction set aside pursuant to D.C. Code § 23–110, and provides no facts to indicate that such a remedy would be inadequate or ineffective to contest the legality of Petitioner's D.C. Superior Court conviction. Hence, as Petitioner seeks to challenge a D.C. Superior Court conviction, but fails to demonstrate the inadequacy or ineffectiveness of § 23–110 to test the legality of his detention, this Court lacks jurisdiction to hear Petitioner's case. *Swain v. Pressley*, 430 U.S. 372, 377–82 (1977); *Harris v. Mitchell*, No. 9:09-2189-JFA, 2009 WL 3739343 (D.S.C. Nov. 4, 2009); *Inyangette v. Drew*, No. 6-11-3401-JFA-KFM, 2012 WL 4379041 (D.S.C. February 16, 2012). Petitioner's recourse lies in the first instance in the D.C. Superior Court.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return.

s/Bruce H. Hendricks
United States Magistrate Judge

May 3, 2013
Charleston, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).