IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kelvin J. Miles, #45410-007, ) | Civil Action No.: 2:13-cv-00721-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Federal Correctional ) | |
| Institute, Estill, South Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Kelvin J. Miles, a federal prisoner[1] proceeding *pro se*, filed this petition under 28 U.S.C. § 2241, challenging several of his convictions. The matter is now before the Court for review of the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks.[2] The Magistrate Judge recommends that this Court dismiss Petitioner's petition *without prejudice* for lack of jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner filed a § 2241 petition in March 2013, asking this Court to review several convictions from 1980. Pet., ECF No. 1. Petitioner was convicted by juries after separate trials for first degree burglary and assault with intent to rape, and he was sentenced in the Superior Court of the District of Columbia.[3] The Magistrate Judge issued an R&R on May 3, 2013, recommending that the petition be dismissed. R&R, ECF No. 22. Petitioner filed objections in several forms: one filing he calls a motion for reconsideration and two additional filings he calls objections to the

---

[1] While petitioner was sentenced in the Superior Court of the District of Columbia, he is in the custody of the Federal Bureau of Prisons.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[3] As the relevant facts were well-represented in the Magistrate Judge's R&R, they need not be repeated in this order.

R&R. Pet'r's Objs., ECF Nos. 10, 11, 13. All filings raise the same argument, and all filings were timely.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends dismissing Petitioner's petition *without prejudice* for lack of jurisdiction. Specifically, the Magistrate Judge concludes that the Court does not have jurisdiction to hear his challenge of a sentence imposed by the Superior Court of the District of Columbia. In his objections, Petitioner objects to the Magistrate Judge's order denying his motion

to appoint counsel. Moreover, Petitioner contends he is unable to seek recourse because he has been barred from filing actions both with the superior court and the District of Columbia Court of Appeals. As such, he argues that he may take advantage of the District of Columbia collateral review statute's savings clause. The Court, however, finds these objections to be without merit.

First, Petitioner's objection regarding the appointment of counsel is beyond the scope of the Magistrate Judge's R&R.[4] Second, Petitioner fails to show that D.C. Code § 23-110 provides an "inadequate or ineffective" remedy. As the Magistrate Judge notes, Petitioner "provides no facts to indicate" § 23-110 is an inappropriate remedy. R&R 7. While Petitioner notes in his objections that he has been barred from seeking collateral review, he provides an order of the superior court noting that he had not yet been barred at that court. ECF No. 10-1, at 3 n.2. The order also indicates that "since March 1992, [Petitioner] has filed at least nine motions to vacate his sentence pursuant to D.C. Code § 23-110, and that many of them raised claims already addressed by the court." *Id.* at 2. Section 23-110 bars the filing of successive motions attacking sentences, and as the order Petitioner provides indicates, Petitioner has relentlessly abused the superior court system with successive petitions, continuously raising issues already addressed by that court. Unquestionably, Petitioner's inability to file a successive petition does not render § 23-110 an "inadequate or ineffective" remedy. The Magistrate Judge's recommendation was, thus, proper, and Petitioner's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed Petitioner's § 2241 petition, the Magistrate Judge's R&R, objections to the R&R, and applicable law. For the reasons stated above and by the

---

[4] Also, in light of the fact Petitioner's petition is without merit, any renewed motion to appoint counsel is moot.

3

Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's petition is **DISMISSED** *without prejudice* and without requiring Respondent to respond. All pending motions are deemed **MOOT**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 22, 2013

4